**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND HAWKINS and ROBIN LUNG, *individually and on behalf of all others similarly situated*, | : : : : | Case No. 1:19-cv-1062 |
| | : | Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| CINTAS CORPORATIONS, *et al.*, | : : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**
**ALL PROCEEDINGS PENDING APPEAL (Doc. 22)**

This civil case is before the Court on Defendants Cintas Corporation, Board of Directors of Cintas Corporation, Scott D. Farmer, and the Investment Policy Committee (collectively, "Cintas")'s motion to stay all proceedings pending appeal (Doc. 22), and the parties' responsive memoranda (Docs. 25, 28). For the reasons set for below, the Court **GRANTS** the motion (Doc. 22).

**I.  BACKGROUND**

Plaintiffs Raymond Hawkins and Robin Lung (collectively, the "Participants"), filed this action pursuant to § 409 and § 502(a)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2).  (Doc. 1).  The Participants, both former Cintas employees, pursued this action individually and on behalf of other similarly situated benefits plan participants in the Cintas Partners' Plan (the "Plan").  (*Id.*)  In response to the Complaint, Cintas moved to compel arbitration and

stay the proceedings. (Doc. 16). This Court denied that motion, finding that the Participants were bringing the action on behalf of the Plan and that the Plan had not agreed to arbitrate claims against Cintas. (Doc. 20). Cintas then filed an interlocutory appeal of that Order, and now moves this Court to stay all proceedings pending the appeal. (Doc. 22).

## II. LAW & ANALYSIS

"The Federal Arbitration Act, codified at 9 U.S.C. § 1 et seq., provides a statutory right to an interlocutory appeal of an order denying a request to stay proceedings and compel arbitration." *Borror Prop. Mgmt., LLC v. Oro Karric N.*, LLC, No. 2:19-CV-04375, 2020 WL 3248354, at *1 (S.D. Ohio June 16, 2020) (Marbley, C.J.) (citing 9 U.S.C. § 16(a)(1)(A) ("An appeal may be taken from an order refusing a stay of any action under section 3 of this title.")). "While the Sixth Circuit has not squarely addressed the issue, the majority of circuit courts, and district courts within this circuit, have held that an interlocutory appeal under 9 U.S.C. § 16 divests the lower court of jurisdiction over the matter, so long as the appeal is not frivolous." *Id*. (collecting cases). "The rationale behind this approach is that the underlying claims before the district court are not collateral to the issue presented on appeal, as the very purpose of the appeal is to determine whether the case should proceed on the merits." *Id*.

The Participants contend that Cintas' appeal over the proper forum is not connected with the merits of the case and the action need not be stayed, because Cintas' fiduciary practices related to the Plan will need to be examined regardless of the forum. (Doc. 25 at 2–3). The Participants also contend that this Court need not stay the action

because Cintas' appeal is frivolous. (*Id*. at 3–4). The Participants urge this Court to allow the action to proceed because of what the Participants consider are "unique circumstances" in this case, particularly the class action nature of this ERISA action challenging Cintas' fiduciary processes. (*Id*. at 2, n.2).

The Court finds no reason to diverge from the majority approach in this case. Cintas' appeal divests this Court of jurisdiction. The issue on appeal is the arbitrability of the Participants' claims on behalf on the Plan. If this Court proceeded with the case, and if the Sixth Circuit then found that the Participants agreed to arbitrate (even when bringing claims on behalf of the Plan), any rulings by this Court in the interim would be undone. The Court cannot separate the merits of the case from the initial issue of arbitrability, and a stay is warranted.

Moreover, Cintas' appeal is not frivolous. As noted in the Order denying Cintas' motion to compel arbitration, whether any benefits plan may agree to submit to arbitration and/or whether an individual employment agreement may compel claims on behalf of a benefits plan to proceed to arbitration are not issues of clearly settled law. (Doc. 20; *see also* Doc. 27, Plaintiff's Notice of Supplemental Authority (citing *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173 (2d Cir. 2021)).

Accordingly, Cintas' appeal divests this Court of jurisdiction.

However, even if the appeal did not divest this Court of jurisdiction, the Court, in its discretionary authority, may enter a stay. To determine whether a discretionary stay is warranted, the Court balances four factors: "(1) whether the stay applicant has made a strong showing on the merits; (2) whether the applicant will be irreparably injured absent

a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceedings; and (4) whether public interest favors a stay." *Borror Property*, 2020 WL 3248354 at *2 (citing *AtriCure, Inc. v. Jian Meng*, 2019 WL 5695854, at *2 (S.D. Ohio Nov. 4, 2019)).

Here, when balancing the four factors, a discretionary stay is warranted.

First, although this Court still finds that the decision to deny Cintas' motion to compel arbitration aligns with similar Sixth Circuit, other circuit, and other district decisions, reasonable jurists could disagree with this Court's conclusion. *See, e.g., Cooper*, 990 F.3d at 185 (Sullivan, J., dissenting) ("I am not convinced that Cooper's arbitration agreement with [the employer] clearly and unambiguously excludes Cooper's breach of fiduciary duty [ERISA] claims from arbitration.").

Second, some courts – and, in this case this Court agrees – find that the second factor of irreparable harm weighs in favor of the stay applicant, when the stay applicant would be forced to litigate the case and pursue an appeal at the same time. *Borror Property*, 2020 WL 3248354 at *3 (citing cases).

Third, and similarly, a stay would not substantially injure the Participants. Although the Participants argue that any further delay in the case hinders the ability to proceed through discovery and the memory of certain witnesses, "the looming prospect of litigating this case to the finish line, only to have the Sixth Circuit hit the restart button, would be equally as damaging." *Id*.

Fourth, public interest favors a stay. "Indeed, because Defendants have a statutory right to appeal, 'the resources of the Court and the parties would be best expended in one

4

proceeding that encompasses the entirety of the claims asserted.'" *Id.* (quoting *JPD, Inc. v. Chronimed Holdings, Inc.*, 2007 WL 4287860, at *2 (S.D. Ohio Dec. 5, 2007)).

Accordingly, even if the appeal did not divest the Court of jurisdiction, a stay is appropriate pursuant to this Court's discretionary authority and is granted.[1]

## IV. CONCLUSION

Based upon the foregoing, Defendants' motion to stay all proceedings pending appeal (Doc. 22) is **GRANTED**. This matter is hereby **STAYED** pending further Order of the Court. The parties are **ORDERED** to file a status update with the Court once the Sixth Circuit resolves the appeal.

**IT IS SO ORDERED.**

Date:  4/15/2021

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] In the alternative, the Participants argue that, if the Court orders a stay, it should order a partial stay and allow the Participants to proceed to document discovery. (Doc. 25 at 6–7). The Participants propose that the Court permit them to request from Cintas documents of "obvious relevance," and then, after reviewing the documents of "obvious relevance," set forth an electronic search protocol to capture Cintas' relevant documents not captured by their "obvious relevance" standard. (*Id.*) The Court declines to issue such a partial stay, already finding that the Court is divested of jurisdiction pending the appeal. *See, e.g., Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264 (4th Cir. 2011) ("Discovery is a vital part of the litigation process and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction.").