# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| RAYMOND HAWKINS, ROBIN LUNG, NEEDY KRISINA BAJAO-WIRTJES, RACHEAL LOVELL NEELY, SOMMER MOORE, ADAM DIPZINSKI, JONATHAN WILSON, ISMAEL ATAYDE-GONZALES, CARLOS CANO, CAROLA SPURLOCK, LEIGHA AYRES, and ALVARO CRUZADO, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs,<br><br>v.<br><br>CINTAS CORPORATION, BOARD OF DIRECTORS OF CINTAS CORPORATION, SCOTT D. FARMER, INVESTMENT POLICY COMMITTEE, and JOHN DOES 1-30.<br>Defendants. | **CIVIL ACTION NO.**: 1:19-cv-01062-JPH |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, APPROVAL OF CLASS NOTICE, APPROVAL OF PLAN OF ALLOCATION, AND <u>SCHEDULING OF A FAIRNESS HEARING</u>**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ....................................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................................2

    A.    The Parties and the Proposed Settlement Class .....................................................2

    B.    Procedural History and Settlement Negotiations...................................................2

    C.    Claims for Relief...................................................................................................5

    D.    The Settlement Amount and Mon-Monetary Relief ...............................................5

    E.    Class Notice and Administration of Claims............................................................6

    F.    Fees and Expenses ................................................................................................6

III.    ARGUMENT .......................................................................................................6

    A.    The Proposed Class Meets all Rule 23 Class Certification Requirements ..............7

        1.    Numerosity...............................................................................................7

        2.    Common Questions of Law or Fact ...........................................................7

        3.    Typicality .................................................................................................8

        4.    Adequacy of Representation ......................................................................9

        5.    Certification Satisfies both Rule 23(b)(1)(A) and Rule 23(b)(1)(B) .........10

    B.    The Settlement Meets All Rule 23 Settlement Approval Requirements ...............10

    C.    The Settlement Satisfies Sixth Circuit Requirements of Fairness and
        Adequacy ............................................................................................................12

        1.    There is no risk of fraud or collusion........................................................12

        2.    The complexity, expense, and likely duration of the litigation
            weighs in Favor of Settlement Approval ..................................................13

        3.    Plaintiffs Conducted Enough Discovery to Understand Their
            Strengths and Weaknesses .......................................................................13

        4.    The likelihood of success on the merits warrants approval ......................15

i

5.     Counsel For the Parties Find the Settlement to Be Fair and Adequate ................................................................................16

6.     The reaction of absent class members is Not a Matter for Preliminary Approval.........................................................17

7.     Approval of the Settlement is in the Best Public Interest ..........................17

D..     The Proposed Notice Plan Should Be Approved by The Court............................18

IV.     CONCLUSION.........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bailey v. Verso Corporation*,
337 F.R.D. 500 (S.D. Ohio 2021) ................................................................................7, 12

*Baker v. John Hancock Life Ins. Co.*,
No. 1:20-cv-10397-RGS (D. Mass. June 2, 2021).......................................................15

*In re Broadwing, Inc. ERISA Litig.*,
252 F.R.D. 369 (S.D. Ohio 2006).................................................................................16

*Brotherston v. Putnam Invs, LLC*,
No. 15-13825-WGY (D. Mass. April 29, 2020) ...........................................................14

*In re Cardizem CD Antitrust Litig.*,
218 F.R.D. 508 (E.D. Mich. 2003) ...............................................................................15

*Carson v. Am. Brands*,
450 U.S. 79 (1981).........................................................................................................15

*In re China Sunergy Sec. Litig.*,
2011 WL 1899715 (S.D.N.Y. May 13, 2011) ..............................................................15

*Daoust v. Maru Rest., LLC*,
No. 17-cv-13879 2019 WL 1055231 (E.D. Mich. Feb. 20, 2019)................................18

*Dover Glen Condo. Ass'n v. Oakland County*,
No. 22-11468 2022 WL 17337815 (E.D. Mich. Nov. 30, 2022)............................13, 17

*Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*,
No. 12cv8918 (DLC), 2014 WL 5455473 (S.D.N.Y. Oct. 28, 2014)...........................17

*Fuller, et al. v. SunTrust Banks, Inc., et al.*,
2018 U.S. Dist. LEXIS 113108 (N.D. Ga. June 27, 2018) ...........................................9

*Garner Props. & Mgmt., LLC v. City of Inkster*,
333 F.R.D. 614 (E.D. Mich. 2020) .................................................................2, 7, 8, 9

*Harney v. Parrott*,
617 F. Supp. 2d 668 (S.D. Ohio 2007) .........................................................................17

*Henderson, et al., v. Emory Univ., et al.*,
2018 WL 6332343 (N.D. Ga. Sept. 13, 2018) ...............................................................9

*Huang, et al., v. TriNet HR III, Inc., et al.*,
No. 8:20-cv-2293-VMC-TGW, 2022 WL 136318369 (M.D. FL. Oct. 21, 2022) .......................9

*Johnson v. Fujitsu Tech. & Business of America, Inc.*,
2018 WL 2183253 (N.D. Cal. May 11, 2018) ...............................................................14

*Karpik v. Huntington Bancshares Inc.*,
No. 2:17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021) ..........................................*Passim*

*Krueger v. Ameriprise*,
No. 11-cv-02781, 2015 WL 4246879 (D. Minn. July 13, 2015) .............................................13

*Levell v. Monsanto Research Corp.*,
191 F.R.D. 543 (S.D. Ohio 2000) ...........................................................................13, 14

*Medoff v. CVS Caremark Corp.*,
2016 WL 632238 (D.R.I. Feb. 17, 2016) .....................................................................14

*Mehling v. New York Life Ins. Co.*,
248 F.R.D. 455 (E.D. Pa. 2008) ..............................................................................14

*Nolan v. Detroit Edison Co.*,
2022 WL 2813013 (E.D. Michigan July 14, 2022) ..........................................................17

*In Re Nortel Networks Corp. ERISA Litig.*,
No. 3:03-md-01537, 2009 WL 3294827 (M.D. Tenn. Sept. 2, 2009) ........................................8

*Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*,
636 F.3d 2354 (6th Cir. 2011) ...............................................................................12, 15

*Raymo v. FCA US LLC*,
No. 217CV12168TGBSDD, 2023 WL 64295484 (E.D. Mich. Sept. 30, 2023) ...........................14

*In re Rite Aid Corp. Sec. Litig.*,
146 F.Supp.2d 706 (E.D. Pa. 2001) ..........................................................................14

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
No. 10-4360, 2019 WL 4746744 (E.D. Mich. Sept. 30, 2019).............................................16

*Shy v. Navistar Int'l Corp.*,
2022 WL 2125574 (S.D. Ohio 2022)..................................................................10, 12, 16

*Sims v. BB&T Corp.*,
2017 WL 3730552 (M.D.N.C. Aug. 28, 2017) ................................................................8

*Stengl et al. v. L3Harris Technologies, et al.*,
No. 6:22-cv-572 (M.D. Fla. June 5, 2023)....................................................................9

*Thomsen v. Morley Companies, Inc.*,
639 F. Supp. 3d 758 (E.D. Mich. 2022)...............................................12, 15, 17, 18

*UAW v. General Motors Corp.*,
No. 05-cv-73991, 2006 WL 891151 (E.D. Mich. Mar. 31, 2006)..............................15

*Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*,
No. 8:15-cv-01614 (C.D. Cal. July 30, 2018).........................................................14

*Velazquez v. Mass. Fin. Servs. Co.*,
No. 1:17-cv-11249-RWZ (D. Mass. June 25, 2019)..................................................15

*Vigna v. Emery Fed. Credit Union*,
No. 1:15-cv-51, 2016 WL 7034237 (S.D. Ohio Dec. 2, 2016)....................................12

*Williams v. Vukovich*,
720 F.2d 909 (6th Cir. 1983) ..............................................................................15

**STATUTES**

28 U.S.C. §§ 1332(d), 1453, and 1711-1715 ...........................................................18

29 U.S.C. § 1104(a) .........................................................................................3, 10

FED. R. CIV. P. 23 ...................................................................................7, 10, 18

FED. R. CIV. P. 23(a).............................................................................................7

FED. R. CIV. P. 23(a)(3).........................................................................................8

FED. R. CIV. P. 23(b)(1)(A).....................................................................................10

FED. R. CIV. P. 23(b)(1).........................................................................................10

FED. R. CIV. P. 23(b)(1)(B).....................................................................................10

FED. R. CIV. P. 23(e)(1)(B).....................................................................................10

FED. R. CIV. P. 23(e)(1)(C).................................................................................8, 11

FED. R. CIV. P. 23(e)(2).........................................................................................12

FED. R. CIV. P. 23(e)(3).........................................................................................11

**Other Sources**

Class Action Fairness Act of 2005 ("CAFA") .................................................................... 18

Employee Retirement Income Security Act of 1974 ............................................. 1, 3, 4

*Newberg on Class Actions* § 13:10 (5th ed.) .................................................................... 2

Restatement (Third) of Trusts § 100 .......................................................................... 16

## I.     INTRODUCTION

Plaintiffs, Raymond Hawkins, Robin Lung, Needy Krisina Bajao-Wirtjes, Racheal Lovell

Neely, Sommer Moore, Adam Dipzinski, Jonathan Wilson, Ismael Atayde-Gonzales, Carlos Cano,

Carola Spurlock, Leigha Ayres and Alvaro Cruzado (collectively "Plaintiffs"), by and through

their undersigned counsel, respectfully submit this Memorandum of Law in support of their motion

for preliminary approval of the proposed Settlement of this ERISA[1] class action.[2]  The Parties[3] are

pleased that after years of hard-fought litigation, they are able to present for preliminary approval

a proposed settlement of a cash payment of $4,000,000.00 (four million dollars) and certain non-

monetary relief .  Plaintiffs believe this is an excellent result which represents 30% to 34% of their

best-case estimated damages of $11.6 million to $13.3 million.  The Parties agreed to the proposed

Settlement only after vigorous arms-length negotiations between counsel experienced in ERISA

class actions and under the auspices of Robert A. Meyer of JAMS, a third-party private mediator

with extensive experience mediating ERISA actions.

Plaintiffs believe the Settlement is an excellent result, providing a substantial, immediate

payment to Settlement Class members and eliminating the risks and cost of trial.  A trial could

result in a reduced recovery or no recovery at all.  "[T]he question now before the Court is simply

whether the settlement is fair enough that it is worthwhile to expend the effort and costs associated

---

[1] Employee Retirement Income Security Act of 1974.

[2] The Settlement Agreement is attached to the Gyandoh Decl. as Exhibit 1 and has several exhibits.
These exhibits are: A (Settlement Notice); B (Plan of Allocation); C (Preliminary Approval Order);
and D (Final Approval Order and Judgment); and E (CAFA Notice).  Undefined terms herein shall
have the meaning ascribed to them in the Settlement Agreement.

[3] As used herein, "Parties" refers to "Settling Parties" which is defined in the Settlement
Agreement as Defendants (Cintas Corporation and the Board of Directors of Cintas Corporation,
Scott D. Farmer, Investment Policy Committee and John Does 1-30) and the Named Plaintiffs, on
behalf of themselves, the Plan, and each of the Settlement Class members.

with sending potential class members notice." *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020)(citing *Newberg on Class Actions* § 13:10 (5th ed.).  As set forth below, the settlement is fair, reasonable, and adequate under governing law, and meets all prerequisites for preliminary approval and dissemination of the Class Notice.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     The Parties and the Proposed Settlement Class

Plaintiffs are participants  in  the Cintas Partners Plan (the "Plan"). *See* First Amended Complaint ("AC" or "Amended Complaint") (ECF 43), ¶¶ 18-29); Settlement Agreement, ¶ 1.15. The Settlement Class is defined as "all persons who participated in the Plan at any time during the Class Period, including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period.  Excluded from the Settlement Class are Defendants and their Beneficiaries." *Id.*, ¶ 1.45.   The Class Period is defined as "the period from December 13, 2013, through the date the Preliminary Approval Order is entered by the Court."  *Id.*, ¶ 1.13.

Defendant Cintas Corporation ("Cintas") is the Plan sponsor and fiduciary.  The Investment Policy Committee (the "Committee") members were appointed by Cintas through its Board of Directors (the "Board").  Defendant Scott D. Farmer ("Farmer") served as the Chairman of the Board and Chief Executive Officer of Cintas during the Class period.

### B.     Procedural History and Settlement Negotiations[4]

---

[4] The full procedural history of this matter is recounted in the Declaration of Mark K. Gyandoh ("Gyandoh Decl."), filed contemporaneously with this memorandum, at ¶¶ 3-22.

Plaintiffs commenced this action by filing a complaint on December 13, 2019. (ECF No. 1). The Complaint alleged violations of fiduciary duties of prudence, care, and loyalty imposed by ERISA § 404(a), 29 U.S.C. § 1104(a). Defendants filed a Motion to Compel Arbitration and Stay the Proceedings (ECF 15) on March 10, 2020. The Court denied Defendants' motion to compel arbitration on January 27, 2021 (ECF 20). On February 10, 2021, Defendants filed a Notice of Appeal to the United States Circuit Court of Appeals for the Sixth Circuit (ECF 21). On February 10, 2021, Defendants simultaneously filed a Motion to Stay All Proceedings Pending Appeal. Plaintiffs filed their Memorandum in Opposition to Defendants' Motion to Stay All Proceedings Pending Appeal (ECF 25) on March 3, 2021. On March 17, 2021, Defendants filed their Reply in Support of Motion to Stay All proceedings Pending Appeal (ECF 28). The Court granted Defendants' motion to stay on April 15, 2021 (ECF 29).

Defendants filed their Brief in the United States District Court of Appeals for the Sixth Circuit (ECF 24) on June 14, 2021. Plaintiffs filed their Brief (ECF 27) on July 28, 2021. Defendants filed their Reply Brief (ECF 34) on September 1, 2021. Argument was held on December 9, 2021. The Sixth Circuit issued its Opinion (ECF 30) on April 27, 2022, affirming the District Court Judgment. Defendants filed a Petition for a Writ of Certiorari with the Supreme Court of the United States (ECF 34) on September 16, 2022. The Supreme Court entered an order denying the Petition for a Writ of Certiorari (ECF 36) on January 9, 2023.

Defendants filed a Motion to Dismiss the Complaint (ECF 39) on February 28, 2023. On April 10, 2023, Plaintiffs filed a First Amended Class Action Complaint (ECF 43). The Court issued an Order Denying Without Prejudice Defendants' Motion to Dismiss on April 17, 2023 (ECF 44). Defendants filed their Motion to Dismiss the Amended Complaint (ECF 47) on April 21, 2023. Plaintiffs filed a Memorandum of Law in Support of their Opposition to Defendants'

Motion to Dismiss the Amended Complaint (ECF 49) on May 22, 2023. While the Motion to Dismiss was pending Defendants submitted one notice of Supplemental Authority (ECF 52), and Plaintiffs submitted a response and five notices of Supplemental Authorities (ECFs 51, 53, 54, 62, 63, 65).

Before filing the Complaint, Plaintiffs conducted informal discovery by investigating publicly filed Plan documents, reviewing the Plan information of the named Plaintiffs, and consulting with experts. Gyandoh Decl., ¶ 23. On October 4, 2019, before filing suit, Plaintiffs requested numerous documents and information from Defendants pursuant to Section 104(b)(4) of ERISA. *Id*. at ¶ 24. Defendants responded by providing numerous documents on May 23, 2020, which Plaintiffs reviewed. *Id*. at ¶ 25. On January 27, 2023, while the Motion to Dismiss was still pending, Plaintiffs served their First Set of Interrogatories and First Request for Production of Documents on Defendants. *Id*. at ¶ 26. On July 28, 2021, Defendants and Plaintiffs served Initial Disclosures. *Id*. at ¶ 27. On August 21, 2023, Defendants served their First Set of Interrogatories and Requests for Production of Documents on Plaintiffs. *Id*. at ¶ 29. On September 21, 2023, Defendants served their Responses and Objections to Plaintiffs' First Interrogatories and Requests for Production of Documents. *Id*. at ¶ 30. On October 4, 2023, Plaintiffs served their Responses to Defendants' First Requests for Interrogatories and Requests for Production of Documents. *Id*. at ¶ 31.

On April 20, 2023, Plaintiffs sent Defendants their initial settlement demand. The demand was withdrawn upon the Parties' failure to resolve the dispute. Gyandoh Decl., ¶ 32. On June 27, 2023, Plaintiffs sent Defendants their updated settlement demand with supporting documents. *Id*. at ¶ 33. While the Motion to Dismiss was still pending, the Parties voluntarily attended a mediation session with Robert A. Meyer of JAMS, who is well-versed and experienced in mediating ERISA

4

matters. Gyandoh Decl., ¶¶ 34-35; *see also* curriculum vitae of Mr. Meyer at https://www.jamsadr.com/meyer/. The session took place on October 11, 2023. *Id.* On November 3, 2023, the Parties filed a Joint Motion to Stay proceedings and informed the Court they reached a settlement in principle (ECF 65).

C.      **Claims for Relief**

Plaintiffs' claims concern Defendants' alleged breaches of fiduciary duties as Plan fiduciaries by, *inter alia*, (1) failing to actively monitor the Plan's administrative expenses and pursue reduction in Plan costs to participants; (2) failing to ensure investment funds in the Plan were prudent and in the best interest of Plan participants; and (3) and Cintas' failure to monitor the performance and processes of the Committee Defendants to ensure the adequate performance of their fiduciary obligations. (AC ¶¶ 135-48). The claims alleged in the operative Complaint are as follows:

COUNT I: Breaches of Fiduciary Duty of Prudence (asserted against the Committee).

COUNT II: Failure to Adequately Monitor Other Fiduciaries (asserted against Cintas).

Defendants deny all of these claims and deny that they ever engaged in any wrongful conduct.

D.      **The Settlement Amount and Non-Monetary Relief**

Through arm's length negotiations and numerous exchanges of memoranda and discovery, the Parties reached an agreement to settle the case on a class basis for $4,000,000 (four million U.S. dollars). Plaintiffs' counsel believes this is a fair and adequate settlement amount. The Settlement Agreement also provides for non-monetary relief, providing that "Within three years, but no later than five years, after the Settlement Effective Date, if the Plan's fiduciaries have not already done so, the Plan's fiduciaries will conduct or cause to be conducted a request for proposal

relating to the Plan's recordkeeping services. *See* Gyandoh Decl., ¶40.

### E.  Class Notice and Administration of Claims

Plaintiffs have selected Analytics LLC ("Analytics") to be the Settlement Administrator. Analytics is highly experienced in class action claims administration.  Upon preliminary approval, Analytics will mail, by first class mail, the Court-approved Settlement Notice (or "Notice") to Settlement Class members using addresses from documents associated with the Plan.  Analytics will administer a skip trace and receive updated address information for any notices that are returned for lack of a forwarding address and re-mail the notices to the updated addresses. Additionally, Analytics will establish a settlement website providing Settlement Class members with important case documents, pertinent information, and contact information for the Settlement Administrator, Class counsel, and Defense counsel.  Lastly, Analytics will institute a case-specific toll-free number for members to listen to an Interactive Voice Response ("IVR") system or speak with a live agent.  The Notice, website, and telephone number will inform Settlement Class members of their rights to object, deadline to object, their inability to opt-out, Plaintiffs' case contribution awards, and Class Counsel's request for attorney's fees and expenses.

### F.  Fees and Expenses

The Gross Settlement Amount is inclusive of an attorney fees award not to exceed thirty-three and one third percent (33 1/3%) of the Gross Settlement Amount.  Put differently, the attorney fee award cannot exceed $1,333,200.00.  The Settlement Agreement also provides for a reimbursement of attorney expenses up to $100,000 and a maximum of $3,500 incentive awards for each of the Class Representatives (Named Plaintiffs) for their work in bringing the case forward.  These amounts are to be paid from the Gross Settlement Amount.

## III.  ARGUMENT

6

A.      **The Proposed Class Meets all Rule 23 Class Certification Requirements**

Class Certification is applicable where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23 (a).

1.      **Numerosity**

Here, the Class consists of at least 52,027 Plan participants, making joinder impracticable. Gyandoh, Decl., ¶ 39; AC ¶109. "While there is no strict test to determine when the class is sufficiently numerous to be joined under Rule 23, a substantial number of class members satisfies the element." *Bailey v. Verso Corporation*, 337 F.R.D. 500, 507 (S.D. Ohio 2021) (finding 152 members satisfied numerosity in an ERISA retiree-benefit class action case); *see also Garner Props.*, 333 F.R.D. at 622 (finding numerosity satisfied where city records indicate around 4,000 claims).

2.      **Common Questions of Law or Fact**

"A common question of law or fact exists when it can be shown that all class members suffered the same injury." *Garner Props.*, 333 F.R.D. at 622. One common question will satisfy this factor. *Id.* Here, several questions of law and fact are common to the Settlement Class members as participants of the Plan. The Amended Complaint raises the following common questions:

A.      Whether Defendants are/were fiduciaries of the Plan;

B.      Whether Defendants breached their fiduciary duties of prudence by engaging in the conduct described herein;

7

C.      Whether the Company failed to adequately monitor the Committee and other fiduciaries to ensure the Plan was being managed in compliance with ERISA;

D.      The proper form of equitable and injunctive relief; and

E.      The proper measure of monetary relief.

¶ 54. *See also, Karpik v. Huntington Bancshares Inc.,* No. 2:17-cv-1153, 2021 WL 757123 at *10 (S.D. Ohio Feb. 18, 2021) (collecting approved ERISA class certifications pursuing answers to the same or similar common questions).

### 3.      Typicality

Typicality is satisfied when "the named Plaintiff's claims and those of any putative class members arise from the same course of conduct by Defendants and the claims all are based on the same legal theory." *Garner Props*., 333 F.R.D. at 623. Defendants managed the Plan as a single entity; therefore, Plaintiffs were subject to the same treatment as other Plan participants included in the Class, and Plaintiffs advance the same legal theories regarding Defendants' failure to adequately monitor the Plan's fees, investments, and the Committee Defendants. AC ¶ 63. Plaintiffs and Plan members seek the same damages, meaning restoration of damages to the Plan and participant accounts. "Indeed, the fact that Plaintiffs brought the claims on behalf of the Plan 'weigh[s] heavily in a Rule 23(a)(3) analysis of the parties' claims and defenses.'" *Karpik*, 2021 WL 757123 at *11 (quoting *In Re Nortel Networks Corp. ERISA Litig*., No. 3:03-md-01537, 2009 WL 3294827, at * 8 (M.D. Tenn. Sept. 2, 2009)); *see also Sims v. BB&T Corp.*, 2017 WL 3730552, at*4 (M.D.N.C. Aug. 28, 2017) (finding typicality where "each named plaintiff's claim and each class member's claim is based on the same events and legal theory—a breach of fiduciary duty stemming from the defendants' alleged disloyal and imprudent process for selecting, administering, and monitoring the [p]lan's investments" and where "the remedial theory . . . is

identical for the named plaintiffs and the class members.") (citations omitted). Typicality is satisfied.

### 4.    Adequacy of Representation

"The Sixth Circuit has explained that in approving class action settlements, courts must carefully scrutinize whether the class representatives and class counsel have met their fiduciary obligations to protect class interests." *Garner Props*., 333 F.R.D. at 626. Plaintiffs' Counsel has extensive experience in ERISA class action litigation involving defined contribution plans. Gyandoh Decl., ¶¶ 46-54. Counsel conducted an extensive pretrial investigation, litigated this case through an appeal, and attended a mediation session and court conferences. *Id.*

Similarly, the Class Representatives have shown they have no interests antagonistic to the class and have remained in constant communication with counsel. *See* Raymond Hawkins Decl., ¶ 6; Robin Lung Decl. ¶ 6; Needy Krisina Bajao-Wirtjes Decl., ¶ 6; Racheal Lovell Neely Decl., ¶ 6; Sommer Moore Decl., ¶ 6; Adam Dipzinski Decl., ¶ 6; Jonathan Wilson Decl., ¶ 6; Ismael Atayde-Gonzales, Decl., ¶ 6;  Carlos Cano, Decl., ¶ 6; Carola Spurlock Decl., ¶ 6; Leigha Ayres Decl., ¶ 6; and Alvaro Cruzado Decl., ¶ 6.   Many courts have found Named Plaintiffs' declarations sufficiently demonstrate adequacy. *See e.g., Huang, et al., v. TriNet HR III, Inc., et al*., No. 8:20-cv-2293-VMC-TGW, 2022 WL 13631836, at *9 (M.D. FL. Oct. 21, 2022) (ECF 85) (holding "Plaintiffs have shown that they will adequately prosecute the action" where "[e]ach named Plaintiff has 'submitted a declaration attesting to their efforts to date and confirming their desire to serve as a representative' of the class."); *Stengl et al. v. L3Harris Technologies, et al*., No. 6:22-cv-572, Slip Op., at 3-4 (M.D. Fla. June 5, 2023) (ECF 92) (same); *Henderson, et al., v. Emory Univ., et al*., 2018 WL 6332343, at *7 (N.D. Ga. Sept. 13, 2018) (same); *Fuller, et al. v. SunTrust Banks, Inc., et al*., 2018 U.S. Dist. LEXIS 113108, at *17 (N.D. Ga. June 27, 2018) ("Although

the affidavits are pro forma documents prepared by counsel, each Plaintiff signed at the bottom acknowledging that the affidavit contained their true contentions").

Thus, Counsel and Plaintiffs have fairly and adequately represented the proposed class.

### 5. Certification Satisfies both Rule 23(b)(1)(A) and Rule 23(b)(1)(B).

"A class action on behalf of plan participants is a paradigmatic Rule 23(b)(1) case, and most ERISA class actions are certified under Rule 23(b)(1) as mandatory non-opt out classes." *Shy v. Navistar Int'l Corp.*, 2022 WL 2125574, at *4 (S.D. Ohio 2022); *see also Karpik*, 2021 WL 757123 at *12, ("Cases such as this, which involve allegations of fiduciary breaches to a trust or plan, are precisely the type of cases that are encompassed by the rule."). The Class may be certified under Rule 23(b)(1)(A) "because prosecution of individual actions would create incompatible standards of conduct for Defendants. The fiduciary duties imposed by ERISA are 'duties with respect to a plan' that are intended to protect the 'interest of the participants and beneficiaries' collectively." *Id*. (citing 29 U.S.C. § 1104(a)). Additionally, the Class may be certified under Rule 23(b)(1)(B) "because an adjudication on behalf of one participant of the Plan would effectively be dispositive of the claims of the other class members." *Id.* Accordingly, Class Certification is appropriate because the Rule 23(b)(1) requirements have been met.

### B. The Settlement Meets All Rule 23 Settlement Approval Requirements

Pursuant to FED. R. CIV. P. 23(e), at the preliminary approval stage, the court must determine whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." FED. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2), in turn, specifies factors the court must ultimately consider at the final approval stage:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;

10

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3) [5]; and

(D) the proposal treats class members equitably relative to each other.

FED. R. CIV. P. 23(e)(2).

Here, as discussed above (1) the settlement was negotiated at arm's length by experienced counsel with the assistance of an experienced mediator after significant litigation, (2) the Settlement Class was adequately represented by Plaintiffs and Class Counsel, and (3) the relief provided is adequate and equitable to all Settlement Class members as the proposed Plan of Allocation provides for a *pro rata* distribution and each Settlement Class member will be entitled to at least the minimum amount of $10. In addition, the Settlement Agreement ensures a substantial and prompt payment to the Plan, which will ultimately be credited to the accounts of Class members. This substantial relief is far preferable to the possibility of a smaller recovery or none at all. In short, the proposed Settlement is an excellent result and merits preliminary approval. The Sixth Circuit has also enumerated factors that encompass the scope of the FED. R. CIV. P. 23(e)(2) factors described above, and which Plaintiffs satisfy.

---

[5] Rule 23(e)(3) requires that "[t]he parties seeking approval must file a statement identifying any agreement made in connection with the proposal." FED. R. CIV. P. 23(e)(3). There are no agreements, other than the Settlement itself, in this case.

**C.      The Settlement Satisfies Sixth Circuit Requirements of Fairness and Adequacy.**

In determining if a preliminary settlement satisfies FED. R. CIV. P. 23(e)(1)(C), the Sixth Circuit evaluates seven factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Karpik,* 2021 WL 757123 at * 4 (quoting *Poplar Creek Dev. Co. v. Chesapeake Appalachia, LLC*, 636 F.3d 235, 244 (6th Cir. 2011)).

"The court need not make an affirmative determination of each factor but, rather, should grant preliminary approval if 'the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval.'" *Bailey*, 337 F.R.D. at 505 (quoting *Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016)).  Here an evaluation of the seven factors warrants preliminarily approving the Settlement.

**1.      There is no risk of fraud or collusion.**

Courts within the Sixth Circuit presume settlements are not the product of fraud or collusion unless presented with evidence of fraud or collusion. *Karpik,* 2021 WL 757123 at * 4; *see also, Shy*, 2022 WL 2125574, at *6 ("Settlements resulting from arm's length negotiations conducted by competent counsel are *prima facie* fair.")  There was no fraud or collusion in reaching this Settlement, because "[a]fter conducting informal discovery, the parties settled through a neutral mediator." *Thomsen v. Morley Companies, Inc.*, 639 F. Supp. 3d 758, 768 (E.D. Mich. 2022).

12

**2.** **The complexity, expense, and likely duration of the litigation weighs in Favor of Settlement Approval**.

The second factor considers whether a settlement "accomplishes what parties wanted and is adequate given the costs, risks, and delay of trial and appeal." *Dover Glen Condo. Ass'n v. Oakland County*, No. 22-11468 2022 WL 17337815 at *4 (E.D. Mich. Nov. 30, 2022). "It is well known that 'ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation.'" *Karpik* at *9 (quoting *Krueger v. Ameriprise,* No. 11-cv-02781, 2015 WL 4246879, at *1 (D. Minn. July 13, 2015)). Of course, class action trials are a "long, arduous process requiring great expenditures of time and money on behalf of both the parties and the court." *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556 (S.D. Ohio 2000). Here, in the absence of settlement, the Parties would continue with discovery, motion practice, depositions, trial and likely appeals. If this case were to proceed both sides would face burdensome litigation involving intricate fact discovery and the costs to retain experts in areas such as compliance with fiduciary duties, appropriate investment options, and damages. The likely appeal from a trial would exacerbate the expense, duration, and complexity of the litigation to the determinant of the Plaintiffs.

**3.** **Plaintiffs conducted enough discovery to understand their strengths and weaknesses**.

"The relevant inquiry with respect to this factor is whether the plaintiff has obtained a sufficient understanding of the case to gauge the strengths and weaknesses of the claims and the adequacy of the settlement." *Dover Glen Condo. Ass'n,* 2022 WL 17337815 at *3. Before filing the Complaint, Plaintiffs gathered ample information from Defendants, the Plaintiffs' account statements, and publicly available Plan information. The Parties need not exhaust formal discovery to satisfy this factor, because "[s]ubstantial informal discovery occurred prior to and

13

during those negotiations." *Levell*, 191 F.R.D. at 557; *see also Raymo v. FCA US LLC*, No. 217CV12168TGBSDD, 2023 WL 6429548, at *4 (E.D. Mich. Sept. 30, 2023) ("But formal discovery is not necessarily required, so long as the parties have obtained adequate information to evaluate the relative strength of their positions.") (listing cases). During mediation, Plaintiffs focused on the recordkeeping allegations portion of their case as that was likely the most viable of Plaintiffs' claims in their assessment. They were provided sufficient information that allowed them to refine their potential damages to a range of $11.6 million to $13.3 million which was based on Plaintiffs' theory that, during the Class Period, Defendants could have obtained recordkeeping fees of between $23 to $28 per participant for the 35,000 to 52,000 participants in the Plan each year of the Class Period. Gyandoh Decl., ¶ 39. Defendants disputed Plaintiffs' calculations asserting that even under Plaintiffs' theory of the case, recordkeeping damages were far lower.

In sum, Plaintiffs had ample informal discovery to understand the strengths and weaknesses of their case, and this factor weighs in favor of settlement approval. The 30% to 34% recovery of the potential damages, as calculated by Plaintiffs, falls within the range of fair, reasonable and adequate settlements. *See Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2008) (recovery representing 20% of estimated damages in ERISA class action approved); *Brotherston v. Putnam Invs, LLC*, No. 15-13825-WGY (ECF No. 220) (D. Mass. April 29, 2020) (preliminarily approved approximately 28% recovery).[6]

---

[6] *See also Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-01614 (ECF No. 185) (C.D. Cal. July 30, 2018) (approving $12 million ERISA 401(k) settlement that represented approximately 25% of estimated total damages of $47 million); *Johnson v. Fujitsu Tech. & Business of America, Inc.*, 2018 WL 2183253, at *6-7 (N.D. Cal. May 11, 2018) (approving $14 million ERISA 401(k) settlement that represented "just under 10% of the Plaintiffs' most aggressive 'all in' measure of damages"); *In re Rite Aid Corp. Sec. Litig.*, 146 F.Supp.2d 706, 715 (E.D. Pa. 2001) (noting that since 1995, class action settlements have typically "recovered between 5.5% and 6.2% of the class members' estimated losses"); *Medoff v. CVS Caremark Corp.*, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016) (settlement providing recovery of 5.33% of maximum

**4.    The likelihood of success on the merits warrants approval.**

"The likelihood of success on the merits 'provides a gauge from which the benefits of the settlement must be measured.'" *Thomsen*, 2022 WL 16708240 at *6 (quoting *Poplar Creek Dev.*, 636 F.3d 245 (6th Cir. 2011)).  However, a court "has no occasion to determine the merits of the controversy or the factual underpinning of the legal authorities advanced by the parties." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983) (citing *Carson v. Am. Brands*, 450 U.S. 79, 88 n.14 (1981)).  Courts must only consider "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *UAW v. General Motors Corp*., No. 05-cv-73991, 2006 WL 891151, at *15 (E.D. Mich. Mar. 31, 2006) (citing *In re Cardizem CD Antitrust Litig*., 218 F.R.D. 508, 522 (E.D. Mich. 2003)).

"Plaintiffs have acknowledged the risk of continued litigation." *Thomsen*, 639 F. Supp. 3d at 770.  Plaintiffs are confident their allegations would survive the pending Motion to Dismiss, inevitable summary judgment motion, and that they would prevail at any trial.  However, Defendants have proven steadfast in their denial of all claims and maintain they have not breached any ERISA standards of fiduciary duties.  If this Action were to go to trial, Defendants would assert multiple defenses arguing that Defendants followed prudent processes, the Plan's investment options and recordkeeping fees were reasonable at all times, and lastly, the Plan did not suffer any losses.  Without a doubt, "[t]he Settlement agreement reached by the parties avoids

---

recoverable damages was well above the median percentage of settlement recoveries in comparable securities class action cases); *Baker v. John Hancock Life Ins. Co.*, No. 1:20-cv-10397-RGS (ECF No. 67) (D. Mass. June 2, 2021) (preliminarily approving $14 million recovery therefore representing estimated 23% of the investment damage); *In re China Sunergy Sec. Litig.*, 2011 WL 1899715, at *5 (S.D.N.Y. May 13, 2011) (average settlement amounts in securities class actions over the past decade "have ranged from 3% to 7% of the class members' estimated losses") (internal citations and quotations omitted); *Velazquez v. Mass. Fin. Servs. Co.*, No. 1:17-cv-11249-RWZ (ECF No. 95) (D. Mass. June 25, 2019) (granting preliminary approval in ERISA class action where $6.875 million recovery represented approximately 30% of estimated damages).

the risks attendant to this 'battle of the experts,' which could result in a ruling against Plaintiffs." *In re Broadwing, Inc. ERISA Litig*., 252 F.R.D. 369, 373 (S.D. Ohio 2006).

Moreover, "[e]ven if Plaintiffs established a fiduciary breach, it is 'difficult' to measure damages in cases alleging imprudent or otherwise improper investments", meaning "an adverse ruling on either liability or damages would significantly impact the Class, the likelihood of success in this case was materially uncertain." *Karpik*, 2021 WL 757123, at *5 (citing Restatement (Third) of Trusts § 100 cmt. b(1)). And with respect to recordkeeping fees, as shown above, Defendants have maintained that even using Plaintiffs' own damages methodology, which Defendants do not agree with, would result in significantly less damages than Plaintiffs calculated. Put differently, "given the complex economic issues, a jury may not credit Plaintiffs' evidence or a jury may award less than the damages that would be sought at trial" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-4360, 2019 WL 4746744, at *3 (E.D. Mich. Sept. 30, 2019). Thus, "[b]ecause an adverse ruling on either liability or damages would significantly impact the Class," the benefit the Class receives in avoiding the risk of trial weighs in favor of preliminary approval. *Karpik*, 2021 WL 757123, at * 6.

### 5.     Counsel for the Parties find the Settlement to be fair and adequate.

Both Parties have retained counsel with experience and knowledge of ERISA and the claims at issue. "Class Counsel are skilled in class actions and ERISA litigation, and their recommendation that the Court should approve the Settlement is entitled to some deference." *Karpik*, 2021 WL 757123 at * 6. *See also*, *Shy*, 2022 WL 2125574 at * 7 ("All interested parties are in a position to fully analyze the strengths and weaknesses of their respective cases and determine that the Settlement at this stage of the litigation is appropriate. Accordingly, the informed recommendations of the parties and their experienced counsel weigh in favor of granting

final approval."); *Dover Glen Condo. Ass'n,* 2022 WL 17337815 at *5 ("As to the fifth factor, courts recognize that the opinion of experienced, informed, and competent counsel in favor of settlement should be afforded substantial consideration."). In sum, the Parties are well informed of the strengths and weaknesses of their case and find the proposed Settlement to be fair.

### 6. The reaction of absent class members is not a matter for preliminary approval.

"This factor is neutral because the proposed settlement is in the prenotice stage." *Thomsen,* 2022 WL 16708240 at *7. However, dissemination of Notice will inform absent class members of the fairness hearing and deadlines for objections so their concerns may be addressed before final approval proceedings. *See, Nolan v. Detroit Edison Co.*, 2022 WL 2813013 at * 6 (E.D. Michigan July 14, 2022) ("the views of absent class members are not yet known, but the notice period will provide ample opportunity for them to weigh in or object.").

### 7. Approval of the Settlement is in the best public interest.

"Public policy generally favors settlement of class action lawsuits." *Karpik*, 2021 WL 757123 at *6 (quoting *Harney v. Parrott*, 617 F. Supp. 2d 668, 679 (S.D. Ohio 2007)). Not only does this settlement allow Settlement Class members immediate and risk avoidant relief, but "[a]dditionally, this ERISA Settlement confers broader public benefits, as 'the protection of retirement funds is a great public interest.'" *Id.* at *6 (quoting, *Fastener Dimensions, Inc. v. Mass. Mut. Life Ins. Co.*, No. 12cv8918 (DLC), 2014 WL 5455473, at *9 (S.D.N.Y. Oct. 28, 2014)); *see also Nolan*, 2022 WL 2813013 at *6 ("Finally, the public interest favors resolution of the matter by way of a settlement that will secure a substantial recovery for the class members while avoiding the wastage of considerable time and expense by the parties and the Court, possibly only to reach the same end."). It is in the public interest to preliminarily approve the Settlement.

Accordingly, all the seven factors weigh in favor of preliminarily approving the Settlement.

17

**D.     The Proposed Notice Plan Should Be Approved by The Court.**

"The Settlement Notice, claims review, and payment distribution services provided by the Settlement Administrator are essential to carry out the Settlement." *Karpik,* 2021 WL 757123 at *9. Moreover, "The Rule 23 Notice is also appropriate because it describes the terms of the settlement, informs the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Daoust v. Maru Rest., LLC,* No. 17-cv-13879 2019 WL 1055231 at *2 (E.D. Mich. Feb. 20, 2019). A notice plan is adequate if it "is [the] most practicable way under the circumstances to provide individual notice to the Class. It directs the Claims Administrator to mail notice to the members of the Class and provides detailed procedures for handling returned notices. It also establishes a settlement website that any member of the Class can access." *Thomsen* at *7. As detailed in section III.B *supra*, the Notice Plan calls for dissemination of notice through first class mail, has procedures for returned mail, creates a website and toll-free number for members, and informs members of their rights and procedures to object to the settlement. The proposed notice plan is the best practicable plan under the circumstances and warrants preliminary approval.

**IV.     CONCLUSION**

Plaintiffs respectfully request the Court grant their Motion for Preliminary Approval of Settlement, Preliminary Certification of the Settlement Class, approval of Class Notice and Plan of Allocation, and scheduling a Fairness Hearing. Plaintiffs propose the Fairness Hearing be scheduled at least 120 days after entry of the Preliminary Approval Order in order to provide the Settlement Class with fair notice and the opportunity to be heard, as well as to provide notice to appropriate federal and state officials as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715. The submitted proposed preliminary

approval order sets forth the proposed schedule of events which are subject to the Court's approval. For the reasons set forth above, the Settlement meets the standard for preliminary approval under Rule 23.

Dated: February 9, 2024                          Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
*Designated Trial Attorney*
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

**CONNICK LAW, LLC**

Michael J. Connick, Esquire
(Trial Attorney)
Ohio Attorney ID # 46624
45 N. 4th Street
Zanesville, OH  43701
Email: mconnick@mjconnick.com
Tel: (216-) 924-2010

*Attorneys for Plaintiffs, the Plan
and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 9, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

*/s/Mark K. Gyandoh*

20