IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| RAYMOND HAWKINS, *et al.*, | : |
| *Plaintiffs*, | : Case No. 1:19-cv-1062 |
| v. | : Judge Jeffery P. Hopkins |
| CINTAS CORPORATION, *et al.*, | : |
| *Defendants*. | : |

**OPINION AND ORDER**

This ERISA class action is before the Court on Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and Named Plaintiffs Case Contribution Awards (Doc. 79). Plaintiffs seek an award of attorneys' fees to Class Counsel in the amount of $1,333,200.00, which is approximately 33 1/3% of the settlement amount in this case; expenses in the amount of $24,964.50; and case contribution awards of $3,500 to each of the twelve named plaintiffs. Class member Richard Dyer has objected to the Motion. For the reasons set forth below, Mr. Dyer's Objections are **OVERRULED** and Plaintiffs' Motion is **GRANTED**.

  **I. BACKGROUND**

The Court here provides only a brief summary of the background of this case, which is set out more fully in the Court's August 27, 2024, Opinion and Order accepting the parties' Settlement Agreement. Doc. 92.

Plaintiffs in this class action are former employees of Cintas Corporation ("Cintas"), a uniform and business supplies company, who participated in its employee retirement plan

(hereinafter "the Plan"). They sued Cintas[1] for breaching its duty under the Employee Retirement Income Security Act ("ERISA") to act in the best interest of plan members and to prudently manage the plan. Specifically, they argued that Cintas failed to adequately review the Plan's investments to make sure each was cost-effective, and also that it failed to control the Plan's recordkeeping costs. Doc. 92, PageID 1734. After Plaintiffs filed their complaint, Cintas tried to force them to arbitrate because of arbitration clauses in their employment contracts. This Court rejected that effort, *Hawkins v. Cintas Corp.*, No. 1:19-cv-1062, 2021 WL 274341, at *1 (S.D. Ohio Jan. 27, 2021),[2] and Cintas appealed. Acknowledging that the case presented an issue of first impression, the Sixth Circuit affirmed. *Hawkins v. Cintas Corp.*, 32 F.4th 625 (6th Cir. 2022).

That sent the case back to this Court. After additional motion practice, the parties agreed to a settlement in late 2023. *See* Doc. 66. Under the terms of the settlement, Cintas would be responsible for a total settlement payment of $4,000,000.00 in exchange for releases and dismissal by Plaintiffs of this action. Doc. 92, PageID 1737. The parties' agreement provided that the total settlement amount would be used to pay certain expenses if approved by the Court—including administrative expenses to facilitate the settlement, Plaintiffs' counsel's attorneys' fees and costs, and Class Representatives' Case Contribution Awards— and the remainder would be allocated to class members pro-rata pursuant to an agreed distribution methodology. Doc. 92, PageID 1737. This Court overruled several objections to the Settlement Agreement, concluding that the agreed settlement is "fair, reasonable, and

---

[1] Plaintiffs sued Cintas along with the Cintas Investment Policy Committee, which is tasked with administering the Plan, and the Cintas Board of Directors, which appoints the members of the investment committee. *See Hawkins v. Cintas Corp.*, 32 F.4th 625, 628 (6th Cir. 2022)

[2] That decision was rendered by Judge Timothy S. Black, who was assigned to this case before it was transferred to the undersigned on December 21, 2022.

adequate" under Federal Rule of Civil Procedure 23(e)(2). *Id.* at PageID 1745. In approving the settlement, this Court deferred consideration of Plaintiffs' motion for attorneys' fees. *Id.* at PageID 1755.

## II. STANDARD OF REVIEW

In a class action, the Court may "award reasonable attorneys' fees and nontaxable costs that are authorized by law or the parties' agreement." Fed. R. Civ. P. 23(h). The ERISA-specific standard for an award of attorneys' fees is the same; the statute permits the award of "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). There are no additional requirements in the Sixth Circuit—the fee award in a common-fund case only needs to be "reasonable under the circumstances." *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). In assessing whether a fee award is reasonable, the Court may assess the reasonableness of the award as a percentage of the common fund, or use the "lodestar method," where a court assesses the relationship between the fee award and a reasonable market rate for services rendered by class counsel. *See id.* at 515–16. *See also Bailey v. AK Steel Corp.*, 1:06-cv-468, 2008 WL 553764 (S.D. Ohio Feb. 28, 2008).

The percentage-of-the-fund method is the more common approach for ERISA class actions in the Sixth Circuit. *See Shy v. Navistar Int'l Corp.*, 3:92-cv-333, 2022 WL 2125574 (S.D. Ohio June 13, 2022) ("Typically, in class actions such as this, Class Counsel are awarded a percentage of the settlement fund."). However, even when using the percentage approach, courts frequently "cross-check" the reasonableness of the fee award using the lodestar method. *See, e.g., Bailey*, 2008 WL 553764, at *2. The Court will follow typical Sixth Circuit practice in ERISA actions, assessing the reasonableness of the award as a percentage of the common fund and then using the lodestar method as a cross-check.

Whether analyzing the fee award as a percentage of the common fund, courts in the Sixth Circuit consider the following factors in assessing whether a fee award is reasonable: "(1) the value of the benefit rendered to the plaintiff class; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides." *Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (quoting *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)).

### III. DISCUSSION

#### A. Attorneys' Fees

##### a. Percentage of the fund analysis

Plaintiffs request an award of attorneys' fees of thirty-three and one third percent (33 1/3%) of the total settlement amount of $4,000,000.00. The Court proceeds to assess the reasonableness of the award in light of the factors set out above.

First, Class Counsel provided a significant benefit to the class. The $4,000,000.00 settlement represents roughly a third of the settlement class's estimated maximum potential damages. Doc. 80, PageID 1563. This percentage of total possible recovery is consistent with other ERISA class action settlements. *See Karpik v. Huntington Bancshares Inc.*, 2:17-cv-1153, 2021 WL 757123 at *8 (S.D. Ohio Feb. 18, 2021) (observing that recovery of 30% of total claimed damages in ERISA class action was consistent with other settlements and collecting cases). Achieving a recovery of roughly a third of claimed damages was a favorable result for plaintiffs here, particularly as Cintas has maintained throughout the litigation that the Plan suffered no losses. *See* Doc. 80, PageID 1563.

Additionally, Class Counsel's representation was on a contingent basis, which supports the reasonableness of the fee award here. *See* Doc. 90, PageID 1706–07. Objector Mr. Dyer contends in his supplemental brief that Plaintiffs' counsel failed to provide adequate evidence for the contingency arrangement it asserts. Doc. 89, PageID 1692. Plaintiffs' counsel has since filed a redacted retention agreement for one of the plaintiffs, which shows that Class Counsel's representation was on a contingent basis, and further that plaintiffs agreed to an award of attorneys' fees of up to 40% of the common fund. Doc. 91-1, PageID 1723. The Court is satisfied that Class Counsel's representation was on a contingent basis. Class Counsel thus assumed a risk in taking the case, "investing time, effort, and money over a period of years with no guarantee of recovery," which "weighs in favor of approving the requested fee award." *Karpik*, 2021 WL 757123 at *8.

As to social benefits, it is well-established that there is a "significant public interest in rewarding attorneys who represent employees and retirees in ERISA litigation in order to protect their retirement funds." *Bailey*, 2008 WL 553764, at *2. As to complexity, ERISA is well-known as a "highly specialized and complex area of law." *Id.* Plaintiffs rightly point out that ERISA litigation is both "difficult[]" and—for many attorneys at least—"undesirab[le]," Doc. 80, PageID 1568. The complexity of ERISA litigation weighs in favor of granting plaintiffs' fee request. Additionally, this case was especially complex because Plaintiffs needed to defend against Cintas's effort to force arbitration, which included defending Cintas's appeal on that question. As to the professional skill and standing of counsel, Capozzi Adler has been appointed Class Counsel in several ERISA breach of fiduciary duty cases similar to the instant case. *See* M. Gyandoh Decl., Doc. 78-1, PageID 1359–60. On the other side, Sidley Austin is

a "large and well-respected law firm[] with substantial experience defending ERISA class actions." *Karpik*, 2021 WL 757123, at *9.

The Court also notes that the requested award of one-third of the common fund is consistent with fees awarded in similar actions in this circuit and across the country. *See, e.g., Krueger v. Ameriprise Financial, Inc.*, No. 11-cv-2781, 2015 WL 4246879 at *2 (D. Minn. July 13, 2015) ("[I]n comparing the requested fee with fee awards in similar cases, the relevant comparators are ERISA class actions asserting breaches of fiduciary duties in the selection and retention of plan investment options and the reasonableness of defined contribution plan fees. In such cases, courts have consistently awarded one-third contingent fees."). Just last month, another court in this Circuit approved a similar fee request by Capozzi Adler. *Davis, et al. v. Magna Int'l of America, Inc., et al.*, No. 2:20-cv-11060, slip op. at 1 (E.D. Mich. Jan. 27, 2025) (approving request for attorneys' fees of 33 1/3% of the settlement amount totaling $966,667.00).

### b. Lodestar cross-check

The Court proceeds to consider the second *Moulton* factor listed above—the value of class counsel's services on an hourly basis. This is typically referred to as the "lodestar cross-check." *See Kimber Baldwin Designs, LLC v. Silv Communications, Inc.*, No. 1:16-cv-448, 2017 WL 5247538 (S.D. Ohio Nov. 13, 2017); *Karpik v. Huntington Bancshares Inc.*, No. 2:17-cv-1153, 2021 WL 757123 (S.D. Ohio Feb. 18, 2021). *See also In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381 (S.D. Ohio Oct. 5, 2006) ("In this Circuit, the lodestar figure is used to confirm the reasonableness of the percentage of the fund award.").

Class Counsel spent a total of 812 hours on this case at the time they submitted their request for fees, excluding hours spent on certain activities related to the settlement. Doc. 80,

PageID 1564. At Capozzi Adler's rates—which are reasonable, for reasons set forth below—this resulted in a lodestar figure of $541,373. Dividing the requested fee by that number results in a lodestar multiple of 2.46. *Id.* "Because of the inherent risks of litigation, courts in this district award multipliers of 'between approximately 2.0 and 5.0.'" *Karpik*, 2021 WL 757123, at *8 (approving fee request in ERISA class action which corresponded with a lodestar multiplier of 3.3). The lodestar multiplier thus confirms the reasonableness of the fee request.

   c. **Objections**

The Court received three objections to the proposed settlement, two of which discussed the agreed attorneys' fees. Class member Deborah C. Meeks objected to the settlement as a whole, saying that class plaintiffs will be harmed more than helped by the case, because the expense to Cintas will make it less likely that class plaintiffs will receive wage increases or other benefits from the company. She further argued that the attorneys' fees are so high that they leave a "measly penance" to be distributed among class members.[3] Doc. 82, PageID 1581.

Class member Richard Dyer also objected to the settlement and to its terms regarding attorneys' fees. Doc. 83. After the fairness hearing on the settlement, the Court permitted Mr. Dyer to file a supplemental memorandum opposing Class Counsel's request for attorneys' fees. Mr. Dyer then filed that motion and Class Counsel responded. Docs. 89, 90.

Mr. Dyer's primary argument is that Class Counsel has not demonstrated the reasonableness of its "out-of-town, skyscraper rates." Doc.89, PageID 1690. Without reliable information on the reasonable rates for Class Counsel's services, Mr. Dyer argues, this Court is not able to determine the lodestar multiple Class Counsel is seeking. He asks that the Court

---

[3] Specifically, she called the attorneys' fees "RIDICULOUS!!!" Doc. 82, PageID 1581.

deny Class Counsel's request for attorneys' fees "until sufficient evidence of the prevailing market rate has been presented." *Id.* at PageID 1698. Class Counsel responds that its fees are reasonable, and the requested fee award is otherwise appropriate. Doc. 90.

The Court agrees with Class Counsel. First, and most important, the Court has used the percentage-of-the-fund approach to assess the reasonableness of Class Counsel's requested fee. This approach does not rely on reasonable hourly rates for Class Counsel's services but instead assesses whether the fee requested is reasonable as a percentage of the total recovery obtained for the class. As explained above, this is the preferred approach in this district for ERISA class actions. *See* § III.A.a, *supra*.

As to reasonableness of the percentage of the fund requested, none of Mr. Dyer's arguments persuades the Court that Class Counsel's fee is unreasonable. Mr. Dyer asserts that this case is not complex—which goes to the fifth *Moulton* factor—because the case was settled before Cintas's motion to dismiss was ruled on. Class Counsel rightly points out, however, that in order to reach this settlement, Class Counsel needed to defeat Cintas's Sixth Circuit appeal, which that court acknowledged raised "issues of first impression." *Hawkins v. Cintas Corp.*, 32 F.4th 625, 627 (6th Cir. 2022). A case that requires class counsel to prevail before an appellate court on an issue of first impression is surely a complex case.

The lodestar method for assessing reasonableness, which is the primary focus of Mr. Dyer's supplemental brief, is "not required." *Karpik*, 2021 WL 757123, at *8. One reason the lodestar method is not required, and is in fact disfavored, is that it can be "too time-consuming of scarce judicial resources," to the extent it requires detailed analysis by courts of counsel's time sheets. *Rawlings*, 9 F.3d at 516–17. Acknowledging this criticism of the lodestar method,

the Court will not address in great detail Mr. Dyer's arguments regarding Class Counsel's rates.

Nonetheless, the Court agrees with Class Counsel that their rates are reasonable. Courts in this district have observed that ERISA litigation requires specialized expertise, and there are relatively few firms that have that expertise. *See, e.g., Karpik*, 2021 WL 757123, at *9. This is a case, then, when the Court may "look to national markets, an area of specialization," or another market to determine a reasonable rate for Class Counsel's services. *McHugh v. Olympia Ent., Inc.*, 37 F.App'x 730, 740 (6th Cir. 2002). The Court finds it appropriate to look to a nationwide market for ERISA counsel. *See Nolan v. Detroit Edison Co.*, 2:18-cv-13359, 2022 WL 16743866 at *7–*8 (E.D. Mich. Nov. 7, 2022) (considering rates awarded nationwide in assessing reasonableness of ERISA counsel's requested fees). Class Counsel's rates range from junior support staff rates of $250 per hour to partner rates of $885 to $900 per hour. Doc. 78-1, PageID 1356. In the context of a nationwide market for ERISA counsel, these rates are reasonable. *See Nolan*, 2022 WL 16743866, *7 (collecting ERISA cases finding lead attorney rates ranging from $900 to $1060 to be reasonable). *See also Davis, et al. v. Magna Int'l of America, Inc., et al.*, No. 2:20-cv-11060, slip op. at 1 (E.D. Mich. Jan. 27, 2025) (approving Capozzi Adler fee request in ERISA class action and accepting Capozzi Adler billing rates as reasonable rates for purposes of lodestar calculation).

The Court is unpersuaded by Mr. Dyer's cited authority regarding circumstances in which courts have denied or reduced attorneys' fee requests. *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016), is inapposite because, as discussed above, ERISA cases require specialized expertise, and so it is appropriate to use an ERISA-specific market to assess the reasonableness of rates rather than a local market. As to *West v. AK Steel*

*Corp. Retirement Accumulation Pension Plan*, 657 F.Supp.2d 914 (S.D. Ohio Aug. 31, 2009), and *Schumacher v. AK Steel Corp. Ret. Acc. Pension Plan*, 995 F.Supp.2d 835 (S.D. Ohio Feb. 4, 2014), those cases involved requests for statutory attorneys' fees rather than approval of a fee award in a negotiated settlement. In that posture, the Court must start with the lodestar calculation and its analysis of the lodestar is necessarily more detailed. Where the Court is only using the lodestar calculation as a cross-check, it need not make the same detailed analysis of class counsel's bills. As to the specific rates approved in those cases and the other cases Mr. Dyer cites, those rates are outdated, as the cases he cites are all from at least ten years ago.[4]

### B. Expenses

Class Counsel also seeks reimbursement of $24,964.50 in litigation expenses. Under the common fund doctrine, Class Counsel may recover "all reasonable expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Estate of Benjamin v. DJGN LLC*, 1:22-cv-166, 2023 WL 7536973 at *7 (S.D. Ohio Nov. 13, 2023). Such expense awards are customary when there is a settlement creating a common fund for the benefit of a class. *Id.*

Class Counsel here requests $24,964.50. They represent that these expenses were "necessary to the prosecution and settlement of the case, and are of the type that would be billed to hourly clients of the firm." Doc. 78-1, PageID 1354. The Court is satisfied that these expenses—for mediation ($13,475.00), travel ($4,026.92), Westlaw and other research

---

[4] In fact, applying a reasonable annual cost-of-living adjustment to the rates approved in those cases yields a rate similar to Class Counsel's rates. Applying a cost-of-living adjustment of 4% to the 2005 rates approved for the lead partners in *West* ($425), for example, yields a current-day rate of $931, which is similar to Class Counsel's lead partner rates here. *See West*, 657 F.Supp.2d at 934–35.

($2,491.00), and other similar items—are reasonable. The Court authorizes reimbursement of expenses in the amount of $24,964.50.

### C. Case Contribution Awards

"Incentive awards are typically awards to class representatives for their often extensive involvement with a lawsuit." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Such awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Id.* at 897. Courts routinely approve them "to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Stephens v. ADS Alliance Data Systems, Inc.*, 2:20-cv-2152, 2024 WL 958331 (S.D. Ohio Mar. 5, 2024). Courts in the Sixth Circuit have considered the following factors in determining whether to approve incentive awards:

> (1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.
> *Gascho v. Global Fitness Holdings, LLC*, No. 2:11-cv-436, 2014 WL 1350509 (S.D. Ohio Apr. 4, 2013).

Having considered these factors, the Court concludes the class contribution awards requested are reasonable. This action benefited Class Members, as described above, so factor one weighs in favor of approving these incentive awards. Factor three also weighs in favor of approving the awards, as named plaintiffs spent time gathering documents to provide to Class Counsel and discussing the matter with Class Counsel, as each of them attested in declarations submitted to the Court. *See, e.g.,* Doc. 78-9. Named plaintiffs do not appear to have assumed substantial risk in pursuing this litigation, so that factor weighs against them.

The Court notes that the benefit of this settlement to each class member is not large, nor does it appear that any Class Representative had responsibilities related to the litigation that required very much time or effort, since the case was settled before any depositions were taken. However, the award sought for each plaintiff—$3,500—is itself not very large, and when measured against the relevant factors appears reasonable. Courts frequently approve larger class contribution awards in ERISA cases. *See, e.g., Davis*, No. 2:20-cv-11060, slip op. at 9 (approving $10,000 incentive awards to named plaintiffs); *Cunningham v. Wawa, Inc.*, No. CV 18-3355, 2021 WL 1626482 (E.D. Pa. Apr. 21, 2021) (approving $25,000 incentive awards to named plaintiffs).

The Court notes that the relatively high number of named plaintiffs here increases the total incentive payment; with twelve named plaintiffs, the total incentive payment is $42,000. While the Court confesses some confusion as to the need for twelve named plaintiffs when many ERISA actions involve no more than four, it finds the payments reasonable given that the $42,000 total is similar to total incentive payments awarded in other ERISA actions in this Circuit. *E.g. Davis*, No. 2:20-cv-11060, slip op. ($30,000 total); *Karpik*, 2021 WL 757123 at *13 ($52,500 total).

The Court thus approves contribution awards of $3,500 to each named plaintiff, as these awards are reasonable in light of their service to the class.

## IV.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses and Named Plaintiffs Case Contribution Awards.

Plaintiffs' Class Counsel are hereby awarded attorneys' fees of $1,333,200.00 and reimbursement of expenses in the sum of $24,964.50, to be paid from the Gross Settlement Amount.

Each of the Named Plaintiffs is awarded $3,500 as a Case Contribution Award, which is also to be paid from the Gross Settlement Amount.

**IT IS SO ORDERED.**

February 18, 2024

Jeffery P. Hopkins
United States District Judge